# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM BEAUMONT HOSPITAL, a Michigan Not For Profit Corporation,

    Plaintiff,

Case No.

Hon.

v.

FEDERAL INSURANCE COMPANY, an Indiana Company,

    Defendant.

> This case is a companion case to *Cason-Merenda, et. al. v. Detroit Medical Center, et. al.*, Case No. 06-15601, and should be assigned to the presiding judge, Hon. Gerald E. Rosen, pursuant to E.D. Mich. LR 83.11(b)(7).

_____/

Daniel D. Quick
Attorneys for Plaintiff
Dickinson Wright PLLC
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
248-433-7242
dquick@dickinsonwright.com

_____/

## **COMPLAINT**

Plaintiff, William Beaumont Hospital ("Beaumont"), by and through its attorneys, Dickinson Wright PLLC, for its Complaint against Defendant Federal Insurance Company ("Federal"), states as follows:

**PARTIES AND JURISDICTION**

1. Beaumont is a Michigan not for profit corporation located at 3601 W. 13 Mile Road, Royal Oak, Michigan 48073.

2. Defendant Federal Insurance Company ("Federal") is a stock insurance company, incorporated in Indiana, which is authorized to conduct business in Michigan.

3. This is an action for, *inter alia*, declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, in which Beaumont seeks an adjudication of its rights under the Policy.

4. Jurisdiction is proper under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) (2) and (c).

6. This case arises out of, is related to and is a companion case to *Cason-Merenda, et. al. v. Detroit Medical Center, et. al.*, Case No. 06-15601 (Hon. Gerald E. Rosen)("Underlying Lawsuit"). This case involves Federal's duties and obligations under an insurance policy (**Exhibit 1**) as a result of and based upon the claims asserted in the companion case. Federal's claim that it is not responsible under the policy implicates and is based upon the claims asserted in and evidence to be presented in *Cason-Merenda* and thus in intertwined with the companion case. Moreover, under the policy, Federal controls various decisions which shall directly affect the defense and potential resolution of the companion case, as described further below. Accordingly, re-assignment to the presiding judge of the companion case is required pursuant to E.D. Mich. LR 83.11.

**FACTUAL BACKGROUND**

A. <u>The Underlying Lawsuit</u>

7. On or about June 15, 2007, a Third Corrected Class Action Complaint was filed against Beaumont as well as the Detroit Medical Center, Henry Ford Health System, Mount Clemens General Hospital, St. John Health, Oakwood Healthcare, Bon Secours Cottage Health Services and Trinity Health Corporation (the "Underlying Defendants") in the United States District Court for the Eastern District of Michigan by Plaintiffs Pat Cason-Merenda and Jeffrey Suhre as putative class representatives (the "Underlying Plaintiffs"). The case was assigned to the Honorable Gerald E. Rosen. A true and correct copy of the Third Corrected Class Action Complaint is attached hereto as **Exhibit 2.**

8. The Underlying Lawsuit alleges two counts of violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, based on an alleged conspiracy among the Underlying Defendants to fix the prices (wages) of certain staff.

9. The Complaint in the Underlying Lawsuit requests damages against each Underlying Defendant, jointly and severally, and that such damages be trebled pursuant to 15 U.S.C. § 15(a). *See* **Exhibit 2**, p. 15, Para. C. Underlying Plaintiffs have not requested and do not advance any theory of 'disgorgement' nor plead as a remedy the return of any profit, remuneration or advantage allegedly received by Beaumont improperly.

B. <u>The Underlying Lawsuit is Covered under Beaumont's Insurance Policy with Federal</u>

10. Federal issued Policy No. 8101-8892 (the "Policy") to Beaumont with a policy period of April 1, 2007 to April 1, 2008. (**Exhibit 1**)

3

11. The Policy is an enforceable contract of insurance, supported by an offer, acceptance and consideration.

12. Beaumont timely paid all premiums due and owing under the Policy, and the Policy was in full force and effect during the entire policy period of April 1, 2007 to April 1, 2008.

13. The Policy provides protection to Beaumont and its directors and officers (among other insured persons) for "all **Loss** for which the Insured becomes legally obligated to pay on account of any **Claim** for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, by an **Insured**." *See* Policy Insuring Clause, Subsection 1.[1]

14. The Policy defines the term **Loss** to include: "damages, judgments, settlements, costs and **Defense Costs**." *See* **Exhibit 1,** Policy Definitions, Subsection 15.

15. Pursuant to Endorsement 28, the term **Loss** was amended to provide coverage for treble damages. As amended the term **Loss** includes "the multiple portion of any multiplied damage award." **Exhibit 2**, Endorsement 28, § 7.

16. The Policy defines the term **Wrongful Act** to include "any error, misstatement, act, omission, neglect, or breach of duty."

17. The claims asserted in the Underlying Lawsuit involve **Wrongful Acts**.

18. The Policy does not contain any exclusion for claims asserting antitrust violations. On the contrary, Endorsement No. 10 to the Policy (the "Antitrust Endorsement") describes the retention, co-insurance and policy limits applicable to **Claims** for **Antitrust Activities**, and specifically includes price fixing as a covered claim, which is the claim pled in the Underlying Lawsuit**.** Federal agreed to provide coverage for antitrust violations by, among other things, (a)

---

[1] As used herein, **bold** terms are defined terms in the Policy.

4

issuing an endorsement that specifically defined each party's obligations in connection with antitrust claims, and (b) amending the definition of the term **Loss** to include the multiplied portion of any damage award (thus, providing coverage for treble damages which are commonly asserted in antitrust claims).

19. The Policy provides that Federal "shall have the right and duty to defend any **Claim** covered by [the Policy]. Coverage shall apply even if any of the allegations are groundless, false or fraudulent." **Exhibit 1**, § 3.

20. Subsection 3 of the Policy, as amended by Endorsement 28, provides that Federal may "make any investigation it deems necessary and may, with the written consent of the Insured, make any settlement of a claim it deems expedient." **Exhibit 1**, Endorsement 28, ¶ 2.

21. Federal's power to settle claims is further augmented by a policy provision commonly referred to in the industry as a "hammer clause." Under the hammer clause, coverage to Beaumont is reduced if Federal proposes a settlement to which Beaumont does not consent and the claim is ultimately resolved for an amount above the proposed settlement. **Exhibit 1**, Endorsement 28, § 2(a).

22. Under the Policy, Beaumont does not have the duty to defend or power to settle claims. The Policy provides that Beaumont shall "not settle any **Claim**, incur any **Defense Costs** or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without the Company's written consent." **Exhibit 1**, § 3.

23. Beaumont timely and properly reported the Underlying Lawsuit to Federal under the Policy.

24. While agreeing to advance certain defense costs subject to its reservation of rights letter and a right to seek reimbursement of same from Beaumont, Federal has denied coverage, both generally and with regard to any potential settlement of the Underlying Lawsuit.

## COUNT I
## DECLARATORY JUDGMENT

25. Beaumont repeats and re-alleges each of the above allegations, as if set forth fully herein.

26. Substantial premiums have been paid to Federal for coverage under the Policy.

27. At all times, Beaumont has complied with all relevant provisions of the Policy, including, but not limited to, providing timely notice of the Underlying Lawsuit.

28. An actual controversy exists between Beaumont and Federal with respect to the duties and obligations of Federal under the Policy in connection with the Underlying Lawsuit.

29. Beaumont asserts that Federal is obligated to defend and provide indemnity coverage to Beaumont in connection with the claims asserted against Beaumont in the Underlying Lawsuit because any settlement or judgment related to the Underlying Lawsuit constitutes **Loss** under the Policy.

30. Federal disputes that it is obligated to provide coverage to Beaumont in connection with the claims asserted against Beaumont in the Underlying Lawsuit.

31. Federal's coverage position has resulted in it failing to discharge faithfully its duty to defend and materially compromised the opportunity for settlement of the Underlying Lawsuit.

32. Federal's coverage position and refusal to participate meaningfully and appropriately in the Underlying Lawsuit is in bad faith.

6

33. Beaumont is entitled to a declaration that Federal is obligated to defend and provide indemnity coverage to Beaumont in connection with the claims asserted against Beaumont in the Underlying Lawsuit.

**WHEREFORE**, Beaumont demands judgment against Defendant Federal, as follows:

A. Declaring that Federal is obligated to defend Beaumont in connection with the claims asserted against Beaumont in the Underlying Litigation;

B. Declaring that Federal is obligated to provide indemnity coverage to Beaumont in connection with the claims asserted against Beaumont in the Underlying Litigation, including settlement thereof;

C. Award Beaumont its attorneys' fees, costs and disbursements in prosecuting this action; and

D. Order such other and further relief to which Plaintiff may be entitled and/or as the Court shall deem just and equitable.

## COUNT II
## BREACH OF CONTRACT

34. Beaumont repeats and re-alleges each of the above allegations, as if set forth fully herein.

35. The Policy provides coverage to Beaumont for **Antitrust Claims**.

36. The Policy requires Federal to defend Beaumont in **Antitrust Claims**.

37. The Policy affords Federal the right to make any settlement of a **Claim** it deems expedient.

38. Federal's coverage position has resulted in it failing to discharge faithfully its duty to defend and materially compromised the opportunity for settlement.

39. Beaumont has potential exposure in the Underlying Litigation for amounts in excess of the Policy Limits.

40. Federal's actions directly conflict with the Policy, the intent of the parties and Beaumont's justified expectations under the Policy.

41. Beaumont has been harmed by Federal's breach of the Policy by, among other things, depriving Beaumont of the benefit of the insurance protection for which substantial premiums have been paid and its bad faith refusal to participate meaningfully in the potential resolution of the Underlying Lawsuit.

**WHEREFORE**, Beaumont demands judgment against Defendant Federal, as follows:

A. Declare that Federal is in breach of the Policy;

B. Award Beaumont damages arising from such breach;

C. Award Beaumont its attorneys' fees, costs and disbursements in prosecuting this action; and

D. Order such other and further relief to which Plaintiff may be entitled and/or as the Court shall deem just and equitable.

## COUNT III
## FRAUD, MUTUAL MISTAKE, ESTOPPEL and REFORMATION

42. Beaumont repeats and re-alleges each of the above allegations, as if set forth fully herein.

43. Prior to the issuance of the Policy, Federal had insured Beaumont for more than 20 years.

44. Specifically, the Policy was issued in renewal of the insurance policy in place for the coverage period April 1, 2006 to April 1, 2007 (the "Prior Policy").

45. In the fall of 2006, Beaumont and Federal began renewal discussions.

46.     During renewal discussions, Federal indicated to Beaumont that it would like to issue the Policy on a new form.

47.     Beaumont refused to accept the new policy form and insisted on renewal on the Prior Policy's form.

48.     Beaumont also informed Federal that Beaumont desired various additional changes to be made to the renewal policy, including increased coverage for antitrust claims.

49.     Beaumont advised Federal that Beaumont would be taking its business to a competing insurer if Federal was unwilling to renew on the basis of the Prior Policy's form and make the additional requested changes in connection with the renewal policy.

50.     Federal issued an offer to insure Beaumont pursuant to the terms of the Prior Policy's form pursuant to a letter and quotation dated March 15, 2007 (the "Renewal Offer"). *See* **Exhibit 3**.

51.     Federal's Renewal Offer listed the different endorsements that it would issue if the Renewal Offer was accepted, and the list identified how the endorsements would change, if at all, from the endorsements to the Prior Policy.

52.     The list of endorsements in the Renewal Offer also identified Federal's willingness to make specific changes requested by Beaumont through a manuscript endorsement. The Renewal Offer identified with particularity the specific changes requested by Beaumont in an email dated March 15, 2007, and that Federal agreed to certain of those changes.

53.     Federal's Renewal Offer did not identify any changes sought by Federal to the Prior Policy terms and conditions.

54.     Beaumont accepted Federal's Renewal Offer.

55. In response to Beaumont's acceptance of the Renewal Offer, Federal issued a binder effective April 1, 2007 (the "Binder"). *See* **Exhibit 4**.

56. The Binder represents the legal obligation of Federal to provide coverage subject to the terms identified therein.

57. The Binder listed the different endorsements that Federal would issue when the Policy was issued, and the list identified how the endorsements would change, if at all, from the endorsements to the Prior Policy.

58. The list of endorsements in the Binder also identified Federal's legal duty to make specific changes requested by Beaumont through a manuscript endorsement.

59. Beaumont reasonably believed that any changes to the Policy would be limited to those explicitly agreed upon and identified in the Binder and reviewed same for conformity with the parties' discussions.

60. While Federal represented repeatedly that the Policy would reflect the Prior Policy but for specifically negotiated changes, when the Policy was actually issued, Federal surreptitiously and without notice inserted an additional provision deep within an endorsement to the Policy. Specifically, in Endorsement 28, ¶ 6 (hereinafter referred to as the "Secretly Added Provision"), Federal inserted the following:

> Solely with respect to any **Claim** based upon, arising from or in consequence of profit, remuneration or advantage to which an **Insured** was not legally entitled, the term **Loss**, as defined in Subsection 15, Definitions, of this coverage section, shall not include disgorgement by any **Insured** or any amount reimbursed by any **Insured Person.**

61. Even though the Secretly Added Provision was not part of the Prior Policy and even though the Secretly Added Provision was not identified in the Binder, Federal added the

Secretly Added Provision to the Policy without calling attention to such change and discussing its import with Beaumont.

62. Upon information and belief, Federal added the Secretly Added Provision without informing Beaumont due to Federal's coverage dispute(s) with other insureds and in an express attempt to secretly add an 'escape hatch' which Federal, in the event of a claim under the Policy, might attempt to rely upon in order to wrongfully deny coverage.

63. A special relationship existed between Beaumont and Federal due to, in part:

   a. Federal's longstanding history with Beaumont;

   b. Beaumont's unwillingness to accept the new policy form and Federal's subsequent acquiescence to provide coverage on the basis of the Prior Policy's form;

   c. Federal's agreement to make only the explicitly agreed upon and identified changes, as listed in the Binder;

   d. Beaumont's specific inquiries or requests to increase coverage under the Policy as respects **Antitrust Claims**.

64. Federal's responses during discussions of the Policy endorsements omitted material information, namely that it was adding the Secretly Added Provision and that, according to its interpretation of the Secretly Added Provision, the Policy would materially lack coverage for antitrust claims.

65. Federal had a duty not to remain silent.

66. Beaumont accepted the Policy in reliance upon Federal's representations that the Policy included only the changes of the Prior Policy as specifically delineated in the parties' communications.

67.     Federal intended for Beaumont to rely upon its representations and Beaumont's reliance was reasonable under the circumstances.

68.     Beaumont has suffered injuries due to Federal's suppression and omission of material information to be determined at trial.

69.     Beaumont believes and has asserted that, on its face, the Secretly Added Provision does not affect or eliminate coverage in relation to the claims asserted in the Underlying Lawsuit. Federal, however, has cited its reliance upon the Secretly Added Provision, among other Policy provisions, to deny coverage to Beaumont. Federal's position is meritless given that, inter alia, the Underlying Lawsuit is not "based upon, arising from or in consequence of profit, remuneration or advantage" to which Beaumont was not legally entitled, nor do the Underlying Plaintiffs seek "disgorgement" by Beaumont. Federal's construction in this regard would render nugatory and illusory its express coverage for the price-fixing antitrust claims asserted in the Underlying Lawsuit and covered by the Policy and would be in direct contravention of the Federal's own interpretive statements as to the coverage provided by the Policy prior to April 1, 2007.

70.     In the event that this Court determines that the language of the Secretly Added Provision contractually affects or eliminates coverage in part or in whole of the Underlying Lawsuit, the Policy should be reformed to exclude the Secretly Added Provision or Federal should otherwise be estopped or precluded from relying upon the Secretly Added Provision given the foregoing allegations and the fraud in the execution of the Policy.

**WHEREFORE**, Beaumont demands judgment against Defendant Federal, as follows:

A. Declare that Federal is obligated to defend and indemnify Beaumont in the Underlying Litigation;

B. Award Beaumont damages in an amount to be determined by any reasonable settlement in the Underlying Lawsuit;

C. Award Beaumont its attorneys' fees, costs and disbursements in prosecuting this action; and

D. Order such other and further relief to which Beaumont may be entitled and/or as the Court shall deem just and equitable.

                Respectfully Submitted,

                By: */s/Daniel D. Quick*
                Daniel D. Quick
                Dickinson Wright PLLC
                Attorneys for Plaintiff William Beaumont Hospital
                2600 W. Big Beaver Rd., Ste. 300
                Troy, MI 48084
                dquick@dickinsonwright.com

Dated:  December 19, 2011

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2011, I electronically filed the attached Complaint with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                /s/  Daniel D. Quick  P48109
                                Daniel D. Quick
                                Dickinson Wright PLLC
                                Attorneys for Plaintiff William Beaumont Hospital
                                2600 W. Big Beaver Rd., Ste. 300
                                Troy, MI 48084
                                dquick@dickinsonwright.com